WILLIAM A. STEVENS, attorney-general of the State of New Jersey, complainant-respondent,

*v.*

THE ATLANTIC AND SECURITY MUTUAL ASSOCIATIONS, CONSOLIDATED, et al., defendants-appellants.

[Decided September 27th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion:

"This is a bill to prevent frauds practiced in violation of the Blue Sky law. The defendant corporation and the individual defendants, its officers, sell sick and death benefit insurance. Their activities are confined to colored people. The dues range from five cents to $1 per week; sick benefits from $1.50 to $15 per week and death benefits from $25 to $150. Infants, as well as adults are qualified to membership. Some of the officers received salaries and commissions; in some instances seventy-five per cent. to one hundred per cent. of the first six months' dues are retained by the solicitors, usually the officers. The period of membership ranges from one to two years. The corporation has no reserve to pay losses. It has no bank account. The collections are kept in the pockets of the officials, and for the most part are absorbed by them for their remuneration, call it salaries or commissions, and overhead expense. It is a case of Peter robbing Paul, and Paul is usually at the point of exhaustion. No sensible person, if he knew the facts, would join as a member. The facts are suppressed from the solicited and the short time members. The latter in all likelihood quit, suspecting the instability of the scheme. The business is by and large for profit of the officials, not protection to the members. It is a means of livelihood for the officials and a precarious risk to the members. The certificate of membership is a 'security' within the meaning of the 'Securities act.' It carries on its face an implication that the corporation possesses a reserve to meet losses; that is false.

"There will be an injunction."

*Mr. Abraham Alboum,* for the appellants.

*Mr. David T. Wilentz,* attorney-general, *Mr. Richard C. Plumer,* assistant attorney-general (*Mr. Andrew J. Markey,* of counsel), for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Backes in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.